### JIM WILCHER v. THE STATE.

#### No. 2930.   Decided November 23, 1904.

**Robbery—Charge of the Court—The Issue of Alibi Should be Submitted.**

Where the defendant was charged with robbery and convicted of aggravated assault, an exception to the charge of the court under article 723 Code Criminal Procedure will be sufficient, regardless of the verdict for a misdemeanor; and where the court failed to charge an alibi; and there was evidence on that issue, the judgment for assault will be set aside, although no special charge on alibi was asked.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

Appeal from a conviction of aggravated assault, on an indictment for robbery; penalty, a fine of $250 and twenty days confinement in the county jail.

The State's witnesses, Jim Wright and Joe Ray, testified that they, together with appellant and others, had been at a dance. That after the dance was over, all these parties, about eight in number, left, going in the same direction, until they reached a bridge. When the above named turned east to go home and sat down on the side of the road to wait for another party, one Green, who was also coming from the dance. In about five minutes two men on horseback road by and in about ten minutes returned, dismounted and demanded the witnesses' money. Jim Wright testified that then Roy Johnson, one of the above party and one of the two men, struck him with a stick on the side of the head and knocked him down and ran his hand in his, witness' pocket, etc. Defendant was acting with Roy Johnson, but Joe Ray testified that the appellant, Jim Wilcher, struck Jim Wright as above set out.

J. W. Higgenbotham, Jesse and Dallas Garrett, three of the above party, testified substantially that when the party got to the bridge, Jim Wright and Joe Ray turned east to go to their homes and the rest of the party crossed the bridge and went west toward their homes. After crossing the bridge, Dallas and Jesse Garrett got ahead of this party

and defendant and Roy Johnson, Edgar Wilcher and J. W. Higgenbotham stopped in the road and something was said about a bottle of whisky, Edgar Wilcher saying to Higgenbotham to go ahead with the Garretts; that they were going back to Overton and for Higgenbotham and the Garrett boys to wait for them up the road under a big red oak tree, which is about 200 yards from the bridge. Higgenbotham and the Garretts stopped at the said tree and in two or three minutes Edgar Wilcher came up and stopped and then went up the road about 250 yards to the 21-mile board and stopped about five minutes. Defendant and Roy Johnson caught up with the crowd when they stopped at the bridge, or just east of it. They were leading their horses; they had not been separated from their crowd over five minutes. They did not appear excited but were very quiet; they did not say anything about having seen Jim Wright or Joe Ray. No one passed this crowd in the road. These witnesses also testified that Jim Wright and Joe Ray were very drunk at the dance.

*J. A. Bulloch,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was indicted for robbery, was convicted of aggravated assault, and his punishment fixed at a fine of $250 and twenty days in jail. The court's charge presented the law of assault, assault with intent to rob, and aggravated assault. In the third paragraph of the motion for new trial, appellant complains that the court erred in failing to submit to the jury a charge on alibi. The testimony of appellant makes out a complete case of alibi. No requested charge was asked by appellant on this issue. Before the enactment of article 723, Code Criminal Procedure, it was held that it was necessary to request a charge or except to the court's failure to charge on alibi by bill of exceptions. Quintana v. State, 29 Texas Crim. App., 401. The State, through her Assistant Attorney-General, insists that inasmuch as this conviction is for a misdemeanor, a requested charge should have been tendered, basing this insistence on appellant having been charged with a felony and convicted of a misdemeanor, the case must be tried under the rules of law governing the trial of misdemeanors. In Allen v. State, 8 Texas Ct. Rep., 322, appellant was convicted of burglary; and we there held that, when the motion for new trial raised the point of failure to charge upon alibi, and in the same connection referred to bill of exceptions by numbers which raised the question, but such bills were not filed in term time, through the fault of the trial judge, he having refused the bills, the question of the omission to charge on alibi was sufficiently raised. It was further held that if it be conceded that the exception came too late, still the motion for new trial was presented in time, and referred to said bills which called the court's attention to the failure of the court to charge the law, but which in the opinion of the

court came too late for that purpose. This decision appears to be authority for the proposition that where one is indicted for a felony and the conviction is for a misdemeanor, being a lower grade of the offense charged, the rules of criminal procedure in reference thereto in felony cases is to be applied, regardless of whether appellant is convicted of a felony or misdemeanor. That is, where one is charged with a felony, and the conviction is for a misdemeanor, an exception to the charge of the court under article 723, Code Criminal Procedure will be sufficient, regardless of whether the verdict is for a misdemeanor or a felony. But, if the charge in the first instance is a misdemeanor, and the conviction is a misdemeanor, the rules of procedure in reference to misdemeanors, as construed by the decisions of this court, govern. That is, the trial being for a misdemeanor, and the conviction being for a misdemeanor, appellant must specially except to the charge, before the same can be reviewed by us, and must tender to the trial court a special charge to cure any omission in the charge. Failing to do the latter, we will not review the case for omissions in the charge. As stated above, in the third paragraph of the motion appellant excepted to the court's charge in that it failed to present the issue of alibi. The facts of this case place it under the rules governing any other felony. We accordingly hold that said exception comes within the rule laid down in article 723, Code Criminal Procedure. The evidence shows that the issue of alibi was properly presented by the testimony, and the court erred in failing to so charge. For the error of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*